# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3015SI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Southern District |
| | * | of Iowa. |
| Ronald Keith Stoner, | * | |
| | * | [Not To Be Published] |
| Appellant. | * | |

_____

Submitted: March 17, 2000

Filed: March 24, 2000

_____

Before RICHARD S. ARNOLD, LAY, and BEAM, Circuit Judges.

_____

PER CURIAM.

Ronald Keith Stoner was convicted in the District Court[1] on his conditional plea of guilty to being a felon in possession of a firearm. Mr. Stoner was sentenced to twenty-six months in prison. He appeals, claiming that his motion to suppress certain evidence (the guns) found in his apartment should have been granted.

_____

[1]The Hon. Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa, ruled on the motion to suppress. Sentence was imposed by the Hon. Harold Vietor, a United States District Judge of the same Court.

Mr. Stoner signed a form consenting to search of his apartment. The form stated, among other things, "that I DO NOT have to give my permission to have search made of the premises . . . described in this document. And I have been informed that I may refuse to consent to any search." Notwithstanding this advice, the defendant signed the form. He was of age and does not claim to have been under the influence of any drugs or alcohol. The defendant does claim that, under all of the circumstances of the case, his consent was not freely and voluntarily given. He asserts, among other things, that at the time the consent form was filed he was in custody as the result of an illegal arrest.

The District Court rejected this contention, and so do we. The most important question in the case, in our view, is whether there was probable cause to arrest Mr. Stoner in the first place. The arrest was on a charge of indecent exposure. Four children had told police that a man matching Mr. Stoner's description had exposed himself to them in front of the Kimberly Club Apartments in Davenport, Iowa. The description given was rather precise: a white male in his late thirties to early forties, with long brown and gray hair, and a number of spiraling tatoos on his arms and shoulders. Detective Kelly Etnier lived at this apartment complex, and he was aware that Mr. Stoner also lived there, and matched the physical description given by the children. It seems clear to us that this description gave Detective Etnier probable cause to arrest Mr. Stoner. The arrest occurred at the defendant's apartment, but the detective did not enter the apartment. He ordered Mr. Stoner out of the apartment and then arrested him. When four victims of an alleged crime identify the perpetrator in terms that are this specific, we think probable cause supports the arrest. Apparently it later developed that Mr. Stoner had not committed this particular crime, but that fact is irrelevant to whether probable cause to arrest him existed at the time the arrest occurred.

We do not think that this case has sufficient significance as a precedent to warrant more extended discussion. The judgment is

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.